UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELEVATING BOATS, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO:      05-3311** |
| **PERF-O-LOG, INC., ET AL** | **SECTION: "S" (4)** |

## ORDER

Before the Court is a **EBI's Motion to Quash Subpoena Duces Tecum and Motion for Protective Order (doc. # 30)** filed by the plaintiff, Elevating Boats, LLC ("EBI"), seeking an order quashing a subpoena duces tecum issued by Perf-O-Log ("POL") to a non-party, E.J. Halverson and Associates and a protective order preventing similar discovery of the material.

The defendant, POL, timely filed an opposition motion, and EBI filed a response. The Court held an oral hearing on the motion on May 3, 2006.

### I.    Factual and Procedural Background

EBI filed a complaint against the defendants seeking a judicial determination that it was not liable for an accident occurring on February 25, 2004. EBI alleges that on February 25, 2004, Robert Borth, a deckhand aboard its vessel the M/V Mark Martin, allegedly slipped on a slippery substance and sustained injuries. EBI alleges that if there was any substance on the deck of the vessel it resulted from the actions of POL or Wireline Specialist, another defendant. Borth sought maintenance and cure from EBI.

EBI contends that if Borth reached maximum medical improvement it wishes to terminate maintenance and cure.  EBI also seeks contribution and indemnity from POL and Wireline Specialist.

According to Borth's counterclaim, POL and Wireline conducted a slick line operation involving the insertion of a wire cleaner into a well to remove paraffin buildup.  Borth indicates that equipment is placed on the deck that keeps the oil being pumped into the well from spilling onto the deck.  Borth contends that this "honey oil" spilled over the deck and was subsequently tracked throughout the vessel.  He further contends he slipped on multiple occasions while cleaning up the oil and eventually suffered a disabling injury.

On October 26, 2005, POL propounded discovery requests on EBI.  Interrogatory No. 2 asked:

> [h]as a written or recorded statement been taken from any witness or person who has knowledge of relevant facts concerning the allegations made in the captioned litigation?

EBI answered that:

> [s]tatements have been obtained from Robert Borth, Gene Gonzalez and Anthony Hotard.  In all three cases, the statements were taken by Tommy Halverson, an adjuster retained by EBI . . . .  Undersigned counsel is in possession of the statements, which were taken on the following dates:  Gene Gonzalez, - December 3, 2004, Anthony Hotard - December 15, 2004, and Robert Borth - November 12, 2004 and November 15, 2004.

Request for Production No. 1 asked:

> [p]lease produce a copy of all documents, identified in response to the Interrogatories propounded contemporaneously with these requests or relied upon in preparing the answers to the Interrogatories propounded contemporaneously with these requests.

EBI responded by answering:

> [o]bjection, the witness statements taken in conjunction with the case, and referenced

>in the Answers to Interrogatories are non-discoverable. However, undersigned counsel will produce both Gene Gonzalez and Anthony Hotard at a mutually convenient time for their depositions. It is expected that claimant Robert Borth's attorney will produce him in a similar fashion.

Request for Production No. 2 asked

>[p]lease produce any and all accident reports, injury reports, investigative reports, and/or statements taken or interviews and notes thereof taken by you or on your behalf or in your possession, custody, or control concerning the accident at issue in this litigation.

EBI answered by stating:

>[o]bjection, investigative reports, interviews, and notes were all prepared in anticipation of trial, or are attorney work product, and are non discoverable. However, please find attached a copy of the accident report completed in conjunction with the accident of February 25, 2004. . . . Furthermore, an as indicated in Response to Request for Production No. 1, EBI objects to the production of any witness statements in this matter.

On March 22, 2006, POL issued the subpoena at issue in this case on the records custodian of E.J. Halverson & Associates with a return date of April 14, 2006. The subpoena seeks certified copies of the entire file related to Robert Borth, and includes "all statements in your possession, whether written or record, including all audiotapes of said statements."[1] Prior to the return date of the subpoena, EBI then filed the subject motion.

## II.     **Standard of Review**

### A.     **Protective Orders**

Rule 26 of the Federal Rules of Civil Procedure governs the issuance of protective orders. It provides in pertinent part:

>[u]pon motion by a party or by the person from whom discovery is sought . . . and for good cause shown, the court in which the action is pending . . . may make any

---

[1]Counsel for POL noted at the hearing that it was provided with Borth's statement and therefore Borth's statement is not an issue.

> order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . . If the motion for a protective order is denied in whole or in part, the court, may, on such terms and conditions as are just, order that any party or other person provide or permit discovery.

FED. R. CIV. P. 26(c).

The decision to enter a protective order is within the court's discretion. *Thomas v International Bus. Mach.,* 48 F.3d 478, 482 (10th Cir. 1995). Rule 26(c)'s requirement of a showing of good cause to support the issuance of a protective order indicates that "the burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *See In re: Terra International, Inc.*, 134 F.3d 202, 306 (5th Cir. 1998) (citing *United States v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978)).

### B.     **Work Product Doctrine**

Rule 26(b)(3) of the Federal Rules of Civil Procedure governs the disclosure of documents prepared in anticipation of litigation and provides:

> a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

FED. R. CIV. P. 26(b)(3). The work-product doctrine shields from discovery the materials prepared by or for an attorney in preparation of litigation. *Hickman v. Taylor,* 329 U.S. 495 (1947);

*Blockbuster Entertainment Corp. v. McComb Video, Inc.,* 145 F.R.D. 402, 403 (M.D. La.1992). The work privilege is not limited to materials prepared by attorneys, it also affords protection to materials prepared for by a "consultant, surety, indemnitor, insurer, or agent." FED. R. CIV. P. 26(b)(3).

However, the doctrine is not an umbrella that shades all materials prepared by a lawyer, or agent of the client. It focuses only on materials assembled and brought into being in anticipation of litigation. *Piatkowski v. Abdon Callais Offshore, L.L.C.,* 2000 WL 1145825, at *2 (E.D. La. Aug. 11, 2000). Excluded from the work-product doctrine are materials assembled in the ordinary course of business. *United States v. El Paso Co.,* 682 F.2d 530 (5 th Cir.1982), *cert. denied,* 466 U.S. 944 (1984).

In determining whether a document was made in anticipation of litigation, the primary focus is on the reason or purpose for creating the document. *Beal v. Treasure Chest*, No. 98-0786, 1999 WL 461970, at *3 (E.D. La. July 1, 1999). Factors that courts rely on to determine the primary motivation for the creation of a document include the retention of counsel and his involvement in the generation of the document and whether it was a routine practice to prepare that type of document or whether the document was instead prepared in response to a particular circumstance. *Piatkowski*, 2000 WL 1145825, at *2. If the document would have been created regardless of whether litigation was expected to ensue, the document is deemed to have been created in the ordinary course of business and not in anticipation of litigation. *Id.*

Additionally, even if the document comes within the scope of the rule, 'the protection afforded is conditional and may be set aside if the discovering party demonstrates a sufficiently pressing need for the data." *In re Kidder Peabody Securities Litigation,* 168 F.R.D. 459, 462 (S.D.

N.Y. 1996).

### III.     Analysis

EBI contends that it retained Tommy Halverson as claims adjuster in anticipation of litigation and that all of Halverson's reports were thus prepared in anticipation of litigation. Accordingly, it alleges that Halverson's entire file is protected by the work product doctrine and is therefore not discoverable unless POL shows a substantial need for the documents. EBI contends that POL has not met this burden.

POL contends that EBI's objections are untimely and insufficient because it lacks the required privilege log, that EBI failed to show that the witness statements were prepared in anticipation of litigation, and finally, that such materials are discoverable because of the substantial need and hardship of POL's position in this matter.

POL alleges that besides Borth, Gonzalez and Hotard were the only two witnesses to the incident. POL contends that when they are eventually deposed, their statements will be taken more than two years after the accident occurred. Accordingly, POL contends, their testimony cannot be the "substantial equivalent" of their earlier statements which were taken ten months after the incident. POL further alleges that it has substantial need for the statements because Gonzales's and Hotard's original statements would provide the most accurate statement of the events surrounding the accident.

During the hearing, the Court questioned counsel for EBI as to the circumstances surrounding Halverson's retention, and whether he is routinely retained to investigate all accidents. EBI indicated that it did not know the answer, and asked leave of the Court to supplement its motion.

However, after the Court questioned POL as to whether it sought not only the statements, but the entirety of the file, including the opinions of the adjuster, POL indicated that it would give up its pursuit of the entire file in exchange for the witness statements. EBI then agreed.

Accordingly,

**IT IS ORDERED THAT EBI's Motion to Quash Subpoena Duces Tecum and Motion for Protective Order (doc. # 30) is GRANTED IN PART and DENIED IN PART**. It is denied to the extend that EBI must provide POL with the statements of Gene Gonzalez and Anthony Hotard. It is granted in all other respects.

New Orleans, Louisiana, this 8th day of August 2006

**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**