UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELEVATING BOATS, L.L.C.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-3311** |
| **PERF-O-LOG, INC., ET. AL.** | **SECTION "S" (4)** |

### ORDER AND REASONS

**IT IS ORDERED** that Elevating Boat, Inc.'s unopposed motion for partial summary judgment and/or motion for declaratory relief (Rec. Doc. 162) is **GRANTED**.

**IT IS FURTHER ORDERED** that Perf-O-Log's objection to the magistrate judge's order (Rec. Doc. 160) is **DENIED.**

### BACKGROUND

Plaintiff Elevating Boats, Inc. ("EBI") filed a complaint in this Court on July 28, 2005 requesting a declaratory judgment that Robert Borth had reached maximum medical improvement and requesting defense and indemnity from Perf-O-Log and Wireline Specialists. Borth alleged that he was injured on February 25, 2004 while working for EBI as a deckhand on the MIKE MARTIN, the lift boat owned and operated by EBI. Borth allegedly slipped on a substance and sustained injuries as a result. EBI paid Borth's maintenance and cure. EBI argues that if any substance existed on the deck of the MIKE MARTIN, it resulted from defendant Perf-O-Log's actions or the actions of defendant Wireline Specialists.

Perf-O-Log and WireLine were the wireline companies hired by Energy Partners of Delaware, Ltd. (the charterer of the MIKE MARTIN). Energy Partners hired EBI to provide the MIKE MARTIN so that work could be done on various oil wells. As a result, EBI, Perf-O-Log, and Wireline all executed indemnity agreements in favor of Energy Partners. Energy Partners has made claims for indemnity against EBI and Perf-O-Log.

On December 12, 2005, Borth answered the copmplaint, and he also filed a counterclaim against EBI, cross-claims against Perf-O-Log and Wireline, and a third-party claim against Energy Partners. Among other things, Borth alleged that Perf-O-Log and/or Wireline had a crew conducting a "slick line operation" which caused the slippery substance to leak onto the deck. Borth alleged that he told supervisory personnel from Energy Partners, Perf-O-Log, and/or Wireline about the spill, and a decision was made to wait to clean the vessel. Borth was assigned to clean the spill, and he alleges that his injuries resulted thereafter.

Two motions are now before this Court. First, EBI has filed an unopposed motion for partial summary judgment and/or motion for declaratory relief. (Rec. Doc. 162). Second, Perf-O-Log has filed an objection (Rec. Doc. 160) to the magistrate judge's order (Rec. Doc. 127) which granted Perf-O-Log's motion to compel in part and denied it in part.

## DISCUSSION

**A.     EBI's unopposed motion for partial summary judgment and/or motion for declaratory relief**.

EBI has filed an unopposed motion for partial summary judgment requesting that this Court find that the only EBI work accident of Borth with any causal connection to this lawsuit occurred on February 25, 2004. All parties agree that the February 25, 2004 accident is the only accident relevant to this case. As there is no factual dispute regarding the pertinent accident date, EBI's

motion for partial summary judgment is granted.

**B.      Perf-O-Log's objection to the magistrate judge's January 22, 2006 order.**

Pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed.R.Civ.P. 72(a), the Court reviews a magistrate judge's order on a non-dispositive matter to determine whether it is clearly erroneous or contrary to law. This highly deferential standard requires the court to affirm the decision of the magistrate judge unless on the entire evidence the court is left with a definite and firm conviction that a mistake has been committed. *Aetna Life Ins. Co. v. DFW Sleep Diagnostics Center*, 2004 WL 465229, at * 2 (E.D. La. Mar. 9, 2004)(citing *Benoit v. Nintendo of America, Inc*., 2001 WL 1524510, at *1 (E.D. La. Nov. 28, 2001)).

After Energy Partners filed a cross-claim against Perf-O-Log for defense and indemnity, Perf-O-Log propounded a request for admission and a request for production on Energy Partners. The request for admission stated:

> Please admit that Energy Partners made a demand upon Elevating Boats for it to defend and indemnify the claims plaintiff made against it in this case, and Elevating Boats has accepted this tender.

The response from Energy Partners stated:

> Energy Partners admits that it has made a demand upon Elevating Boats for defense in this matter against the claims of Robert Borth, and that Elevating Boats has agreed to provide a defense of Energy Partners. Additionally, it is admitted by Energy Partners that it has made a demand for indemnification against Elevating Boats, Perf-O-Log, Inc., and Wireline Specialists for indemnity against any awards on behalf of Robert Borth and against Energy Partners. Perf-O-Log and Wireline Specialists have admitted in their Answer to the Cross-Claim of Energy Partners that they are parties to the Master Service Agreement which provides for indemnity for Energy Partners by Perf-O-Log and Wireline Specialists. Additionally, Elevating Boats indicated that it would indemnify Energy Partners in accordance with the contract between the parties and indemnity would also be sought by Energy Partners against Wireline Specialists and Perf-O-Log.

The request for production stated:

> Please produce a copy of any and all communications, correspondence, or any other documents between Energy Partners and Elevating Boats, Inc. ("Elevating Boats") related to Energy Partners' request that Elevating Boats indemnify it against the plaintiff's claims in this case.

The response stated:

> Objection. The requested items are irrelevant, will not lead to discovery of relevant information, and are otherwise non-discoverable.

In response to the above-stated objection, Perf-O-Log filed a motion to compel seeking production of the requested documents.

Federal Rule of Civil Procedure 26, provides, in part, that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Before ruling on the motion to compel, the magistrate performed an *in camera* review of the requested documents and concluded that the Master Service Contract was relevant because it described the nature of the agreement between the parties and the nature and extent of the indemnity obligation. Accordingly, she ordered Energy Partners to produce a copy of that contract. However, the magistrate judge denied Perf-O-Log's request for production of the remaining documents because she found that the request concerned matters already admitted and were irrelevant.

Perf-O-Log requests that this Court review the magistrate judge's order and claims that the ruling is clearly erroneous. Perf-O-Log supports its request by arguing that the magistrate judge's *in camera* review was inappropriate and also argues that the requested documents are relevant and necessary to preclude the potential double indemnification of Energy Partners.

In response Energy Partners asserts that it is seeking full indemnity and not double

indemnity. It argues that if it is found liable at trial of this matter, it would seek indemnity from Perf-O-Log and EBI, to the extent that each of them is found liable. In other words, "Energy Partners . . . has taken the position that whoever is responsible for Robert Borth's injuries should indemnify Energy Partners for any responsibility found to arise from Energy Partners' activities."[1] If Energy Partners is not found liable, no indemnity would be owed.

The magistrate's ruling was not clearly erroneous or contrary to law. The magistrate judge had a full understanding of the relevance of the documents requested as she reviewed the documents *in camera* and ruled thereafter. Additionally, Perf-O-Log's argument that the documents are relevant to prevent possible double-indemnity is without merit. As explained by Energy Partners, it does not seek double indemnity. Accordingly, Perf-O-Log's motion is denied.

## CONCLUSION

**IT IS ORDERED** that Elevating Boat, Inc.'s unopposed motion for partial summary judgment and/or motion for declaratory relief (Rec. Doc. 162) is **GRANTED**.

**IT IS FURTHER ORDERED** that Perf-O-Log's objection to the magistrate judge's order (Rec. Doc. 160) is **DENIED.**

New Orleans, Louisiana, this ___7th___ day of March, 2007.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**

---

[1] Memorandum in opposition to Perf-O-Log, Inc.'s objection to magistrate judge's order (Rec. Doc. 164) at p. 4.